IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ERIC BAYNE,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:24-cr-00240-JNP-1<br><br>District Judge Jill N. Parrish |

Mark Eric Bayne, a veteran, believed that he was not getting the benefits and health services to which he was entitled from the Department of Veterans Affairs. He sent an angry message containing vulgar language directed at a specific VA employee through the VA's electronic messaging service. Accompanying his written message was a rap video depicting graphic violence.

The government indicted Bayne for cyberstalking in violation of 18 U.S.C. § 2261A(2)(b) and transmitting a threatening communication in violation of § 875(c). For the government to succeed on a § 875(c) charge, it must prove that the communication in question is a true threat lying outside of First Amendment protection. *United States v. Wheeler*, 776 F.3d 736, 742–43 (10th Cir. 2015). In Bayne's view, the communication he sent through the electronic messaging service was not a true threat, and he moves to dismiss the threatening-communication count under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure for failure to state an offense.

The court concludes that based on the facts alleged in the indictment, a reasonable jury could find that Bayne communicated a true threat. Accordingly, the court DENIES Bayne's motion to dismiss.

## BACKGROUND

In recounting the factual background of this case at the motion-to-dismiss stage, the court must view the factual allegations in the light most favorable to the government. *United States v. Sharpe*, 438 F.3d 1257, 1258–59 (11th Cir. 2006).

Mark Eric Bayne is a veteran and receives services through the VA. The VA uses an electronic messaging service called AskVA, through which veterans and their families can request information about VA services. Bayne used the AskVA service to send over a hundred messages to VA employees toward the end of June 2024 for obtaining medicine and services to which he believed he was entitled.

At least a handful of his messages contained vile, odious, and graphic language. For example, in one message he said, "When your children get jumped and beat up, their lunch stolen; your men get mugged and stabbed; your women get punched in their face, pocketbooks snatched or faces slashed . . . I'll have nothing to do with it." ECF No. 1 ("Complaint"), at 4 (ellipsis in original). In another communication sent on the same day, he underscored his previous message: "I want the antibiotics that I've requested . . . [and] everything I'm supposed to get. . . . [E]ven if I get what I'm telling you you better gives me you're still going to be harmed—physically and financially." *Id.* at 5.

He did not relent in his use of foul, violent language, and his attacks grew increasingly personal. Soon, on June 28, he sent the communication that forms the basis for the government's threatening-communication count:

> I know this evil diseased envious sickly spiteful [N-word] whore [Person A, identified by name and title] is involved in me not getting the benefits and health related services to which I am entitled. Tell that worthless down south deep south [N-word] bitch to get the fuck out of my way. She'll understand that I'm the Man of The House when they put the cuffs in her. Stupid Southern [N-word] bitches.

*Id.* at 6 (alterations in indictment). Attached to this message was a link to a YouTube rap video by artist Tee Grizzly titled "Beef."[1] The video depicts gang-style executions, rioting, and public fighting, and the song contains the following lyrics: "I don't play with no beef / We ain't play with no pussy / Run in his crib and kill everything living, you hear me? / If I wanted a nigga gone, he a dead man / Say my name on his song, he a dead man." ECF No. 30-1, at 2. Just below the YouTube link, Bayne wrote, "NOTICE: If this down south deep south monkey ass sc¥m nigga wh0re wants beef . . . she picked the right pathetic worthless poor ignorant pu$$y a$$ punk b!tch nigga to either try to abuse or pretend to look the other way. I know exactly what you f™ck pig wh0res are." Complaint at 6. Bayne sent at least one more vulgar message personally identifying Person A.

The government charged Bayne with cyberstalking in violation of § 2261A(2)(b) and transmitting a threatening communication in violation of § 875(c). Bayne now urges the court to dismiss the threatening-communication count on the grounds that the facts alleged in the indictment do not constitute an offense.

## DISCUSSION

Section 875(c) criminalizes "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of

---

[1] Tee Grizzly, *Beef ft. Meek Mill*, YOUTUBE (Sept. 1, 2017), https://www.youtube.com/watch?v=kPuFUeeBpmU.

another." 18 U.S.C. § 875(c). Like all threat statutes, § 875(c) applies only to true threats, which fall outside the scope of First Amendment protection. *Wheeler*, 776 F.3d at 742–43.

The government suggests that the court can deny Bayne's motion to dismiss because the question of whether a communication constitutes a true threat is a jury question, particularly when the parties dispute the facts as alleged. So, in the government's view, the court need not consider the merits of Bayne's claim. The government is correct that "absent an unusual set of facts, the question whether statements amount to true threats is a question generally best left to a jury." *Id.* at 742. But if no reasonable jury could find based on the allegations in the indictment that the defendant's communication was a true threat, the court must dismiss the charge as a matter of law. *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Because it raises a purely legal question, "[a] claim that a statute named in the indictment does not proscribe the alleged conduct is properly brought through a motion to dismiss." *United States v. Payne*, 382 F. Supp. 3d 71, 73 (D.D.C. 2019). Thus, the court must consider the merits of Bayne's insufficiency claim.

A true threat is a "'serious expression' conveying that a speaker means to 'commit an act of unlawful violence.'" *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (alteration omitted) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)). It "subjects individuals to 'fear of violence' and to the many kinds of 'disruption that fear engenders.'" *Id.* (quoting *Black*, 538 U.S. at 360). To assess whether a statement is a true threat, courts consider "the full context in which the [statement was] made," including "the reaction of the recipients" and the "collective consciousness" of any recent violent events. *Wheeler*, 776 F.3d at 745. That said, "a statement can count as [a true threat] based solely on its objective content." *Counterman*, 600 U.S. at 72.

A reasonable jury could find that Bayne's communication fits comfortably into the definition of a true threat. He referenced Person A by name and title and called her all sorts of

4

odious epithets, including the N-word. Complaint at 6. He made a demand of her—that she "get the fuck out of [his] way" and "get[ him] the benefits and health related services to which [he was] entitled"—and provided a YouTube link to a rap song titled "Beef" whose video glorified physical violence and whose lyrics repeatedly mentioned killing "niggas." *Id.* And after providing the YouTube link, he said that if Person A wanted "beef," she picked the right person to try to abuse or ignore. *Id.* These allegations together support a jury finding that Bayne implied Person A would be a "nigga" subject to physical violence, maybe even homicide, if she did not meet his demands.[2]

Such a finding is further supported by the context of the communication.[3] Around the time that Bayne sent the communication on which his threat charge is based, he sent several other

---

[2] Given the YouTube video attached to the message, the court does not consider whether a reasonable jury could find the June 28 communication standing alone to constitute a true threat. At oral argument, counsel for the government suggested that it might not.

[3] The criminal complaint in this case provided context for the communication charged in the threat count of the indictment, including several additional statements that Bayne allegedly made in the days preceding the June 28 communication. *See supra* Background. The subsequently filed indictment, however, omitted any mention of these other statements. Typically, a court ruling on a motion to dismiss is limited to considering the allegations in the indictment. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). But under Tenth Circuit precedent, the court may consider evidence "beyond the four corners of the indictment" if "the underlying facts were essentially undisputed." *Id.*

At oral argument, the court asked counsel for the parties whether it could consider Bayne's statements alleged in the complaint as those statements appeared to be undisputed and provided important context for the June 28 communication alleged in the indictment. Counsels' responses were less than clarifying. Counsel for Bayne acknowledged that some of the statements alleged in the complaint but excluded from the indictment were more threatening than the statement ultimately charged. While he did not maintain that the court could not consider them, he also did not argue that the court was limited to the single statement alleged in the indictment. On the other hand, counsel for the government inexplicably argued that the court must ignore the surrounding statements. The court is mystified why the government charged Bayne for a statement that counsel for the government acknowledged may not even be a true threat on its own (i.e., without the

aggressive messages through the AskVA service, including one in which he wrote, "[E]ven if I get what I'm telling you you better gives me *you're still going to be harmed—physically and financially*." *Id.* at 5 (emphasis added). In the context of these other messages, a reasonable jury could easily find that Bayne meant his words not as "jests" or "hyperbole" but rather as statements "convey[ing] a real possibility that violence will follow." *Counterman*, 600 U.S. at 74 (internal quotation marks omitted) (quoting *Watts v. United States*, 394 U.S. 705, 708 (1969)).

Bayne argues that "Beef" in the context of the rap video is referring to a rap beef—a dispute between rap artists as verbal antagonists. He explains that rap beefs have been an important part of black culture, giving black men nonviolent ways to release aggression. So, he urges, the link to the rap video conveyed merely that he refused to be ignored, not that he would take any of the actions depicted in the video.

But this explanation attacks not the sufficiency of the allegations in the indictment but rather the strength of the government's evidence. A pretrial motion generally may not challenge the strength or weakness of the government's case. *Hall*, 20 F.3d at 1087. Bayne's argument might make it less likely that a jury will find Bayne's communication to be a true threat, but it does not change the conclusion that a reasonable jury could find a true threat based only on the allegations in the indictment. Because the government's indictment "contains the essential elements of the offense to be charged," the court must deny Bayne's motion to dismiss. *Id.*

---

accompanying video), *see supra* note 2, while not charging Bayne for other statements that even defense counsel recognized were clearly more threatening.

In any event, the court concludes that because the parties did not dispute the allegations in the complaint, the court may consider those as supporting context in evaluating Bayne's motion.

## CONCLUSION AND ORDER

For the reasons above, the court **DENIES** Bayne's motion to dismiss the threatening-communications count in the indictment.

Signed December 2, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
