IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MARK ERIC BAYNE,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR COMPETENCY EVALUATION**<br><br>Case No. 2:24-CR-240-JNP<br><br>Chief District Judge Jill N. Parrish |

On April 17, 2025, the Government submitted a motion seeking for Defendant Mark Eric Bayne to undergo a psychiatric evaluation in order to assess his competence to stand trial, pursuant to 18 U.S.C. § 4241. ECF No. 46. Defendant Bayne and his counsel oppose the motion. For the following reasons, the court GRANTS the motion.

## BACKGROUND

According to the Government's instant motion, the relevant background begins back in 2010.[1] ECF No. 46. In December 2010, Mr. Bayne was charged with one count of Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c). 2:10-cr-01129, ECF No. 1. After a Grand Jury returned an indictment, Mr. Bayne was order detained. 2:10-cr-01129, ECF No. 14; 2:10-cr-01129, ECF No. 13. In April of 2011, the Government filed a motion pursuant to § 4241 requesting Mr. Bayne be required to undergo a psychiatric evaluation to determine if he was competent to

---

[1] Much of the following background includes citations to the docket for Case No. 2:10-cr-01129. The Government introduces each of these facts in its present motion, ECF No. 46.

stand trial. 2:10-cr-01129, ECF No. 26. The motion was granted, and after the evaluation, Judge Waddoups found Mr. Bayne incompetent. 2:10-cr-01129, ECF No. 29; 2:10-cr-01129, ECF No. 32.

Mr. Bayne was then ordered to be placed in the custody of the Attorney General to determine if competency could be restored. 2:10-cr-01129, ECF No. 32. Judge Shelby, who took over the matter, set the case for trial in 2013 after considering additional evaluations. 2:10-cr-01129, ECF No. 62. After Mr. Bayne informed the court and the Government that he intended to assert an insanity defense, the Government filed a motion for Mr. Bayne to be evaluated pursuant to 18 U.S.C. § 4242. 2:10-cr-01129, ECF No. 64; 2:10-cr-01129, ECF No. 65. This motion was granted in September 2013. 2:10-cr-01129, ECF No. 66. Later, in January 2014, Judge Shelby found Mr. Bayne not guilty only by reason of insanity. 2:10-cr-01129, ECF No. 80.

Upon the orders of Judge Shelby, Mr. Bayne remained in custody until September 2015. 2:10-cr-01129, ECF No. 81; 2:10-cr-01129, ECF No. 103. Mr. Bayne's release was pursuant to a stipulated order of conditional release, which had various conditions attached to it. 2:10-cr-01129, ECF No. 103. Mr. Bayne eventually violated these conditions, and an arrest warrant was issued in August 2018. 2:10-cr-01129, ECF No. 196. Mr. Bayne was remanded to Federal Medical Center Butner, North Carolina. 2:10-cr-01129, ECF No. 206. In December 2022, the FMC Butner Mental Health Department issued a report recommending Mr. Bayne be conditionally released and that he participate in a treatment regimen involving psychotropic medication. 2:10-cr-01129, ECF No. 251. In February 2023, he was conditionally released. 2:10-cr-01129, ECF No. 245. In February 2024, his counsel moved for a discharge from conditional release, though acknowledging that "[w]ithin the last several months [Mr. Bayne's] condition has again deteriorated, and he is not in compliance with all of his conditions of release." 2:10-cr-01129, ECF No. 251 ¶ 4. With the

Government joining the motion, Mr. Bayne was discharged from conditional release. 2:10-cr-01129, ECF No. 252.

Moving to the present case, Mr. Bayne was again charged with Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c) on July 3, 2024. ECF No. 37. Mr. Bayne, a veteran, believed that he was not getting the benefits and health services to which he was entitled from the Department of Veteran Affairs. *Id.* He proceeded to send over a hundred messages through a VA messaging service towards the end of June 2024, with some messages containing vile, odious, and graphic language. *Id.* The messages also grew increasingly personal. *Id.*

On July 17, 2024, Mr. Bayne was indicted on two counts of stalking in violation of 18 U.S.C. § 2261A and one count of § 875(c). ECF No. 14. Magistrate Judge Romero ordered Mr. Bayne detained after Mr. Bayne "reported he is unwilling to be on pre-trial release conditions." ECF No. 12 at 4. Judge Romero also noted Mr. Bayne "has some mental health concerns." *Id.*

Since then, Mr. Bayne has not been present in a series of status conferences with this court, often refusing to be transported to the courthouse or failing to meet with his defense counsel. ECF No. 36; ECF No. 45; ECF No. 51; ECF No. 54. Mr. Bayne also submitted a Motion to Request That He Not Attend His Trial on April 9, 2025. ECF No. 43. Defense counsel, now having met with Mr. Bayne and with Mr. Bayne present at the last status conference on September 10, explain this history as a product of where Mr. Bayne has been housed, with Mr. Bayne now being in a location that facilitates communication. ECF No. 54; ECF No. 56.

As noted, on April 17, 2025, the Government submitted a motion seeking for Mr. Bayne to submit to a psychiatric evaluation in order to assess his competence to stand trial, pursuant to 18 U.S.C. § 4241. Mr. Bayne and his counsel oppose the motion.

3

**LEGAL STANDARD**

The constitutional standard governing competence to stand trial was established in *Dusky v. United States*, 362 U.S. 402, 402 (1906) (per curiam). Specifically, the standard includes "both (1) 'whether' the defendant has 'a rational as well as factual understanding of the proceedings against him' and (2) whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *United States v. Cornejo-Sandoval*, 564 F.3d 1225, 1232 (10th Cir. 2009) (quoting *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)). Mental competency determinations are not static, and "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Section 4241(a) states that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. 4241(a). Section 4241(b) follows: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. 4241(b).

4

# ANALYSIS

## I.    Reasonable Cause

As noted, the Government seeks a competency evaluation of Mr. Bayne, pursuant to 18 U.S.C. §4241. In its motion, the government took no position as to Mr. Bayne's present competence, but it did provide a lengthy factual background that, it argues, shows reasonable cause that "Mr. Bayne *may* presently be suffering from a mental disease that renders him incompetent to proceed." ECF No. 46 at 8. Mr. Bayne and his counsel oppose this motion, arguing that there is no record evidence to support the contention that Mr. Bayne is not presently competent to stand trial.

Pursuant to § 4241, the Tenth Circuit has laid out a three-step process for determining if a defendant is competent to stand trial. As stated in *Boigegrain*,

> First, if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(a). At the second stage, the court uses the psychological report and conducts a hearing to determine whether the defendant is competent. If the defendant is not found to be competent, the court must order the defendant hospitalized for up to four months to determine whether the defendant will become competent in the foreseeable future. The court may order additional hospitalization if it finds there is a substantial probability that within the additional time, the defendant will become competent. *See id.* § 4241(d). At the third stage, after the specified period of confinement has expired, the court determines whether the defendant is competent and thus ready to stand trial. If still found not to be competent, the defendant must be released unless the court finds that he presents a substantial risk of harm to others.

155 F.3d 1181, 1184 n.1 (10th Cir. 1998) (citation modified).

With respect to the first of the three steps, a requested competency evaluation is required, "[a]bsent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion." *United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002) (citing *United States v. Hill*, 526 F.2d 1019, 1023 (10th Cir. 1975)). In other words, the evaluation is required

5

unless the "reasonable cause" standard is not met. *See Ramirez*, 304 F.3d at 1035; *see, e.g.*, *United States v. Schmid*, No. 18CR00202CMAGPG02, 2020 WL 6318501, at *2 (D. Colo. Oct. 28, 2020).

There is no clear-cut test for reasonable cause determinations. As the Seventh Circuit has stated, "[e]xactly what gives rise to reasonable cause . . . escapes definition." *United States v. Collins*, 949 F.2d 921, 924 (7th Cir. 1991). The Supreme Court in *Drope v. Missouri* also acknowledged as much, noting that "[t]here are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." 420 U.S. at 180.

There is guidance, however, on what information can be relevant and helpful in making such a determination. "In evaluating the need for a competency evaluation, the district court may rely on the defense counsel's observations. Further, the decision whether to order a competency evaluation 'is a matter wholly within the sound discretion of the trial court,' and we give weight to the court's observations of the defendant's mental health status." *United States v. Pawelski*, 651 F. App'x 750, 762 (10th Cir. 2016) (citation modified). The court may also rely on medical opinion. *Boigegrain*, 155 F.3d at 1189. It may also consider evidence of and a history of irrational behavior. *Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017); *Drope*, 420 U.S. at 172 n.9. "[O]ne of these factors standing alone may, in some circumstances, be sufficient" to create reasonable cause. *Drope*, 420 U.S. at 180.

Accordingly, a history of irrational behavior alone can be sufficient to raise reasonable cause, notwithstanding trial demeanor and even a prior medical evaluation of competence. *See id.* at 172 n.9 (discussing *Pate v. Robinson*, 383 U.S. 375, 385–86 (1966)). For example, in *United States v. Berrios*, the Tenth Circuit found the "alleged unusual conduct giving rise to the criminal

charges" against the defendant in addition to a "variety of unusual behavior during the course of the criminal proceedings" to be sufficient for the district court to find reasonable cause. 120 F. App'x 218, 222 (10th Cir. 2005). The behavior during the proceedings included opposing a mental evaluation after initially agreeing to one as well as refusing to cooperate with pretrial services personnel. *Id.*

Here, the court finds enough for a reasonable cause determination. To be sure, the question presented to the court is whether there is reasonable cause that Mr. Bayne may *presently* be suffering from a mental disease or defect rendering him mentally incompetent. The court thus grounds its analysis in the present proceedings before it. Nevertheless, Mr. Bayne's longer history with the court at minimum informs the court's analysis. This history includes the prior findings of incompetence and of not guilty only by reason of insanity that were both based on prior medical evaluations.

Turning to the present, the more recent events from Mr. Bayne's current proceedings are alone sufficient to create reasonable cause. Just as in *Berrios*, where unusual behavior giving rise to the criminal charges and during the course of the proceedings were sufficient to find reasonable cause, so too does Mr. Bayne's conduct here. After Mr. Bayne's alleged campaign of communication against the VA, Mr. Bayne has repeatedly shown a level of unwillingness to engage with the court and his own counsel. On four occasions before the court, Mr. Bayne has either waived his appearance, was not present, or refused to be transported to the court. His conduct has also led the magistrate judge to note some level of mental health concerns. Mr. Bayne has stated to the court that his reluctance to be before the court stems from painful medical conditions. Defense counsel, for their part, represent that they believe Mr. Bayne to be fully competent and that the lack of communication between them and Mr. Bayne was primarily due to logistical

7

hurdles. Their interactions with Mr. Bayne do indeed provide them a valuable vantage point, though their assessment is not dispositive. Ultimately, upon the court's own observations as well as the history of the current proceedings, the court finds reasonable cause sufficient to move forward with a competency evaluation. The court believes a psychiatric evaluation would assist in evaluating Mr. Bayne's competency.

## II.    Competency Hearing

Defense counsel also argues that for the court to move forward, certain 18 U.S.C. § 4241 prerequisites must first occur. According to Defense counsel's reading of § 4241, only after ordering a competency hearing does the court have discretion to order a psychiatric examination. Under this argument, because "neither party raised competency so far" and no competency hearing has been set, the district court cannot yet exercise its discretion. ECF No. 48 at 2.

This argument falls flat for multiple reasons. First, the Government has in fact raised the issue of competency: its current Motion for a Competency Evaluation. Second, as stated above, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent, sufficient to justify a competency hearing. Third, a competency hearing is not required to be set for the court to order a psychiatric exam. As the Tenth Circuit stated in *Boigegrain*, the first step in a competency determination after finding reasonable cause is to order a psychiatric evaluation; the second step is conducting a hearing. 155 F.3d at 1184 n.1.

Furthermore, as some courts in and out of this circuit have noted, a competency hearing is not always required depending on the outcome of the evaluation. *See Gallegos v. United States*, No. 1:11-CR-02994 WJ/SMV, 2018 WL 1136070, at *4 (D.N.M. Feb. 26, 2018) ("A competency hearing is only held where there is reasonable cause to believe the defendant is unfit to stand trial,

typically based on a psychological evaluation."); *Cornejo-Sandoval*, 564 F.3d at 1235–36 (holding the district court did not abuse its discretion in not ordering a second psychological evaluation and hearing because it was "eminently reasonable" to weigh a prior psychological evaluation); *Arnold v. United States*, 432 F.2d 871, 873–74 (10th Cir. 1970) (holding, based on a precursor to § 4241, that "if the report of [a] psychiatrist concludes that the defendant is not presently mentally incompetent, the trial court is not required to hold a competency hearing prior to accepting a plea at arraignment"); *Soper v. Shanks*, 189 F.3d 478, 1999 WL 669206, at *3 (10th Cir. 1999) (in reviewing a denial of a habeas petition, noting that "considerations of procedural due process did not require the trial judge to conduct a competency hearing" where the record did not support an incompetency claim). *See also United States v. Jones,* 23 F.3d 1307, 1309 (8th Cir. 1994) (holding that a "trial court ha[s] the discretion to hold or to forgo an additional hearing" when a "psychiatric report submitted to the court indicate[s] that [the defendant is] competent to stand trial"); *United States v. Lebron*, 76 F.3d 29, 32 (1st Cir. 1996) ("If a psychiatrist has determined that a defendant is competent, a court is not required to hold a further evidentiary hearing absent extenuating circumstances."); *United States v. Downs*, 123 F.3d 637, 641 (7th Cir. 1997) (noting the court did not read § 4241(b) "to require a hearing whenever a psychiatric examination has been ordered"); *United States v. Smith*, 70 F. App'x 359, 361 (7th Cir. 2003) ("Cause to order a preliminary psychiatric examination by itself does not oblige the district court to later order a hearing."); *United States v. Denkins*, 367 F.3d 537, 546 (6th Cir. 2004) ("We know of no authority . . . for the proposition that § 4241 mandates a hearing even when there is no prospect of meeting the statutory standard of incompetency.").

Rather, once a psychiatric evaluation is complete, courts have re-calculated whether "reasonable cause" does indeed exist to justify the hearing. *See Downs*, 123 F.3d at 641 (7th Cir.

1997); *United States v. Lazo-Romero*, 233 F. App'x 739, 740 (9th Cir. 2007) ("Because the psychiatric evaluation concluded that [the defendant] was competent to stand trial, the district court, having no reasonable cause to believe that [the defendant] was incompetent, was not required to hold a formal hearing.").

Accordingly, the court may order the defendant undergo a psychiatric evaluation, and the court retains discretion to move forward with a competency hearing after reviewing the evaluation.

## III.    Mr. Bayne's Presence

The Government and Defense counsel additionally argue in their briefs about whether Mr. Bayne must be present at future hearings. The Government, in its motion, asserts that it expects Mr. Bayne to seek to avoid appearing at any hearing on the current motion. Because a court's observations of the defendant are a factor in determining competency, the Government seeks to ensure that Mr. Bayne is present at any future hearing—whether the hearing be the actual competency hearing or a hearing on the necessity of a competency hearing. Defense counsel, in response, argues that the court cannot set a hearing simply "to observe the defendant," when Mr. Bayne's present competency has not been challenged and where no evidence suggests Mr. Bayne is presently incompetent.[2] ECF No. 48 at 2. The court need not address these arguments substantively, as the court did in fact get the opportunity to observe and communicate with Mr. Bayne in the most recent status conference on September 10, 2025. While the status conference

---

[2] Defense counsel cites *United States v. Visinaiz*, 96 F. App'x 594, 598–99 (10th Cir. 2004) in support of its argument. The analysis in *Visinaiz*, however, centered on the interplay between Rule 12.2 and 18 U.S.C. § 4242. Further, it is worth nothing that the Tenth Circuit in that case recognized that § 4241 allows courts to temporarily confine defendants during psychiatric evaluations and that courts have an inherent authority to order mental examinations (though it also acknowledged that some circuits have held such authority applies only to non-custodial examinations). *Id.* at 600.

was not specifically scheduled to discuss the instant motion, both parties were able to address the court on their position.

In addition, Mr. Bayne has requested leave to not attend his trial. ECF No. 43. At the September 10 status conference, defense counsel asserted that Mr. Bayne is competent to make this decision and able to understand the ramifications of not being present for his trial. On this issue, the court received a commitment from Mr. Bayne that he would attend the first day of trial and would discuss with his counsel his desire to remain absent from the remainder of his trial. Nevertheless, the court withholds ruling on Mr. Bayne's motion until a competency determination is made.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED:

(1) Mr. Bayne must submit to a psychiatric evaluation that answers the question: Does Mark Eric Bayne presently suffer from a mental disease or defect that renders him incompetent to proceed to stand trial?

(2) The court orders Defense counsel to arrange for such an evaluation of Mr. Bayne locally through a qualified evaluator, i.e., a licensed or certified psychiatrist or clinical psychologist. The exam "shall be conducted in the suitable facility closest to the court," or at a location on which the parties agree in consultation with USMS. 18 U.S.C. § 4247(b).

(3) The evaluation must occur within 30 days of this order, with a 15-day extension available for good cause. *See* 18 U.S.C. § 4247(b).

(4) The qualified examiner must file a report with the court, with copies provided to both parties. 18 U.S.C. § 4247(c). This report must be filed with the court within 45 days of the evaluation.

(5) The report should include all required elements outlined in § 4247(c). Further, the examiner may consider a variety factors if the examiner deems them relevant to evaluate a person's competency to stand trial in a federal court criminal proceeding and jury trial. However, the examiner must identify the considered factors explicitly and describe the role that such factors played in the examiner's conclusion.

The court further finds that the period of delay resulting from Mr. Bayne's evaluation and any future competency hearing or related proceedings is excluded time under the Speedy Trial Act, as provided in 18 U.S.C. § 3161(h)(1)(A) ("The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including . . . (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.").

Signed October 8, 2025,

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge