IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>MARK ERIC BAYNE,<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR STAY**<br><br>Case No. 2:24-cr-240-JNP<br><br>Chief District Judge Jill N. Parrish |

On April 17, 2025, the Government submitted a motion seeking for Defendant Mark Eric Bayne to submit to a psychiatric evaluation in order to assess his competence to stand trial, pursuant to 18 U.S.C. § 4241. ECF No. 46. Mr. Bayne and his counsel opposed the motion. ECF No. 48. On October 8, the court granted the Government's motion and ordered Mr. Bayne's counsel to arrange for the psychiatric evaluation. ECF No. 63.

On November 13, 2025, Mr. Bayne submitted a motion to stay the court's October 8 Order pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). ECF No. 71. The Government has not responded to the motion. For the following reasons, the court GRANTS the motion.

## DISCUSSION

A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009). When reviewing a motion to stay an order pending its appeal, a court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434; *see Wyoming v. United States Dep't of Interior*, No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018) (unpublished) (considering a motion for a stay of an order pending its appeal).

Considering these factors, the court finds that a stay of its October 8 Order is justified. As Mr. Bayne has argued, without a stay, his appeal would become moot and his "legally cognizable interest in the outcome" of the appeal would be destroyed. *See United States v. Clark*, 334 F. App'x 884, 886 (10th Cir. 2009). In contrast, the court finds that a stay of the order will not substantially injure the Government or the public interest.

## CONCLUSION AND ORDER

For the above reasons, the court GRANTS the motion to stay. The October 8 Order is stayed pending its appeal before the Tenth Circuit.

The court further finds that the period of delay resulting from the stay is excluded time under the Speedy Trial Act, as provided in 18 U.S.C. § 3161(h)(1)(A) and § 3161(h)(1)(C) (stating "the following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including . . . (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; [and] (C) delay resulting from any interlocutory appeal").

Signed December 4, 2025,

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge

3